UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEORGE M. KRAEMER and PATRICIA A. KRAEMER, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>**LONE STAR INDUSTRIES, INC.,** individually and as successor-in-interest to PIONEER SAND & GRAVEL COMPANY; **METROPOLITAN LIFE INSURANCE COMPANY**; and **VWR INTERNATIONAL, LLC**;<br><br>Defendants. | NO.<br><br>NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1442(a)(1)<br><br>[Federal Officer Removal]<br><br>King County Superior Court Cause No. 20-2-14616-1 KNT |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON:

PLEASE TAKE NOTICE that Defendant Lone Star Industries, Inc. ("Lone Star"), by and through its undersigned counsel of record, removes the above-entitled action from the Superior Court of the State of Washington, in and for the County of King, to this Court, pursuant to 28 U.S.C. §§1442(a)(1) and 1446.

This action is a civil action over which this Court has subject-matter jurisdiction under 28 U.S.C. §1331, as the action arises under the Constitution, laws, or treaties of the United States

DEFENDANT LONE STAR INDUSTRIES, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1442(a)(1)

Page 1

**Foley & Mansfield, PLLP**
999 Third Avenue, Suite 3760
Seattle, WA  98104
Telephone:  (206) 456-5360

within the meaning of 28 U.S.C. §1331, by virtue of Plaintiffs' attempt to adjudicate claims with respect to persons acting under an officer of the United States pursuant to 28 U.S.C. §1442(a)(1).

The grounds for removal are as follows:

1. On October 1, 2020, Plaintiffs filed a civil action in the Superior Court of the State of Washington, in and for the County of King, entitled *George M. Kraemer and Patricia A. Kraemer, husband and wife, v. Lockheed Shipbuilding Company., et al.*, Case No. 20-2-14616-1 KNT. Plaintiffs' Complaint for Personal Injuries claimed liability based upon the theories of product liability, negligence, premises liability, conspiracy, unsafe workplace, strict liability for abnormally dangerous activities, and any other applicable theory of liability. Lone Star was personally served with the Summons and Complaint through its registered agent on October 5, 2020. A true and accurate copy of that Complaint is attached as Exhibit A to the Declaration of Zackary A. Paal in Support of Defendant Lone Star Industries, Inc.'s Notice of Removal ("Paal Dec.")

2. On March 10, 2021, an Order voluntarily dismissing Lone Star without prejudice was entered by the King County Superior Court. *See* Exhibit B to the Paal Dec.

3. On April 22, 2021, counsel for Lone Star received notice that Plaintiffs had amended their complaint to add Lone Star as a defendant and provided counsel with a copy of the Third Amended Complaint for Personal Injuries. *See* Exhibit C to the Paal Dec., the Third Amended Complaint.

4. Plaintiffs allege at page 2 of their Third Amended Complaint that Mr. Kraemer has been diagnosed with mesothelioma caused by exposure to asbestos and that his exposure to asbestos included "take home" exposure from his father who worked in Seattle area shipyards.

5. On April 23, 2021 Plaintiffs' counsel sent to Lone Star's counsel Plaintiff's Second Amended Responses to Style Interrogatories ("Style Rogs"). Page 8 of the Style Rogs sets forth Mr. Kraemer's claimed exposures to asbestos, which include exposures based on work

performed by Mr. Kraemer's father, Charles Kraemer, at Todd Shipyard ("Todd") and Puget Sound Bridge and Dredging (f/k/a "Lockheed") in Seattle between 1942 and 1945. *See* Exhibit E to the Paal Dec.

6. On information and belief, and based on prior asbestos cases involving the two shipyards, both Todd and Lockheed worked extensively and almost exclusively on U.S. Navy ships during World War II. Paal Dec., at ¶ 7.

7. On May 20, 2021 Plaintiffs' counsel informed counsel for Lone Star of developments in the case during the period of time after Plaintiffs' counsel's offer of a dismissal with prejudice to Lone Star, which included confirmation, through Charles Kraemer's Social Security records, that Charles Kraemer worked as an insulator at Todd, which allegedly exposed his family to asbestos. Paal Dec., at ¶ 8.

8. 28 U.S.C. §1442(a)(1) provides:

> A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

The basis for the removal of this action is that it involves a person - Lone Star - that acted under the authority of officers of the United States or any agency thereof, in this case, the U.S. Navy, within the meaning of 28 U.S.C. §1442(a)(1). *Mesa v. California*, 489 U.S. 121, 124–25 (1989); *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993).

9. In *Fung v. Abex Corp.*, 816 F. Supp. 569 (N.D. Cal. 1993), the court addressed the propriety of the removal of a case involving the alleged exposure to asbestos while aboard

INDUSTRIES, INC.'S NOTICE OF
REMOVAL OF ACTION UNDER 28
U.S.C. §1442(a)(1)

Page 3

**Foley & Mansfield, PLLP**
999 Third Avenue, Suite 3760
Seattle, WA  98104
Telephone:  (206) 456-5360

1  submarines manufactured by General Dynamics. In denying plaintiffs' motion to remand, the
2  Court stated in *Fung* that General Dynamics would satisfy the removal provisions under 28
3  U.S.C. §1442(a)(1) if it "can (1) demonstrate that it acted under the direction of a federal officer,
4  (2) raise a federal defense to plaintiffs' claims, and (3) demonstrate a causal nexus between
5  plaintiffs' claims and the acts it performed under color of federal office." *Id*. at 571–72; citing
6  *Mesa*, *supra*, 489 U.S. at 124-25.

7        10.    In the present case, during the relevant time period, if Lone Star was somehow
8  involved in work performed on ships for the U.S. Navy as Plaintiffs allege, such work was
9  necessarily performed pursuant to contracts and specifications executed by an officer of the
10 United States - the U.S. Navy.

11       11.    If Lone Star performed work or supplied products for work performed on ships
12 for the U.S. Navy during the time period in question, as Plaintiffs allege, that work would have
13 been done pursuant to contracts that mandated adherence to comprehensive and detailed
14 specifications the U.S. Navy created regarding, among other things, the use and installation of
15 asbestos-containing products on U.S. Navy ships.  Therefore, under the terms of their contracts
16 with the U.S. Navy, the work performed at Todd or Lockheed on ships for the U.S. Navy would
17 have been necessarily completed under the authority and control of an officer of the United
18 States. Thus, all phases of the work on U.S. Navy ships at Todd or Lockheed by Lone Star or
19 that involved products allegedly supplied by Lone Star would have been performed pursuant to
20 U.S. Navy contracts and specifications under the control and supervision of officers of the U.S.
21 Navy.

22       12.    Moreover, Lone Star can and will assert a federal defense to this action. If Lone
23 Star performed work at or supplied products to Todd or Lockheed for U.S. Navy ships, that work
24 was performed and the products were supplied pursuant to contracts with, and under the
25 supervision of, the United States government.  Any recovery by Plaintiffs is therefore barred by

DEFENDANT LONE STAR
INDUSTRIES, INC.'S NOTICE OF      Page 4    **Foley & Mansfield, PLLP**
REMOVAL OF ACTION UNDER 28      999 Third Avenue, Suite 3760
U.S.C. §1442(a)(1)      Seattle, WA  98104
    Telephone:  (206) 456-5360

consequence of the judicially-recognized doctrine of immunity conferred upon that contractual relationship and any occurrences arising therefrom, otherwise known as the government contractor defense, as noted in *Boyle v. United Technologies Corp.*, 487 U.S. 500, 509–11 (1988); *Niemann v. McDonnell Douglas Corp.*, 721 F. Supp. 1019, 1021–23 (S.D. Ill. 1989).

13. Finally, if Lone Star performed any work at or supplied products to Todd or Lockheed for U.S. Navy ships, Lone Star would have acted under color of a federal officer or agency in doing so. This makes removal of this civil action pursuant to 28 U.S.C. §1442(a)(1) proper. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006); *Williams v. Brooks*, 945 F.2d 1322, 1324 n.2 (5th Cir. 1991).

14. Should Plaintiffs file a motion to remand this case, Lone Star respectfully requests an opportunity to respond more fully in writing, including the submission of affidavits, additional exhibits, and authorities.

15. Because Lone Star would have been acting under an officer of the United States pursuant to 28 U.S.C. §1442(a)(1), Lone Star is not required to notify and obtain the consent of any other defendant in this action to remove Plaintiffs' action as a whole under 28 U.S.C. §1442(a)(1). *Ely Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981).

16. Lone Star has not yet filed an Answer to Plaintiffs' Third Amended Complaint in the above-entitled matter.

17. Written notice of the filing of this Notice of Removal will be given to Plaintiffs and the other defendants in this action, together with a copy of the Notice of Removal to Plaintiffs and supporting papers with the Superior Court of the State of Washington, in and for the County of King, as required by 28 U.S.C. §1446(d).

18. This Court is the District Court of the United States for the district and division embracing the place where the original state court action was filed and is, therefore, the

DEFENDANT LONE STAR INDUSTRIES, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1442(a)(1)

Page 5

Foley & Mansfield, PLLP
999 Third Avenue, Suite 3760
Seattle, WA 98104
Telephone: (206) 456-5360

1  appropriate court for this removal.

2     WHEREFORE, Lone Star hereby removes this action to this Court.

3

4     DATED May 21, 2021.

5                                                  FOLEY & MANSFIELD, PLLP

6

7                                    BY:   *s/ Zackary A. Paal*
                                     BY:   *s/ Howard (Terry) Hall*
8                                          Zackary A. Paal, WSBA #45077
                                           Howard (Terry) Hall, WSBA #10905
9                                          FOLEY & MANSFIELD, PLLP
                                           999 Third Avenue, Suite 3760
10                                         Seattle, WA 98104
                                           Telephone: (206) 456-5360
11                                         Fax: (206) 456-5361
                                           Email: zpaal@foleymansfield.com
12                                                 thall@foleymansfield.com
                                                   asbestos-sea@foleymansfield.com
13                                         Attorneys for Defendant
                                           Lone Star Industries, Inc.

DEFENDANT LONE STAR INDUSTRIES, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1442(a)(1)

Page 6

**Foley & Mansfield, PLLP**
999 Third Avenue, Suite 3760
Seattle, WA 98104
Telephone: (206) 456-5360

# CERTIFICATE OF SERVICE

I, Lori L. Burley, declare that I am employed by the law firm of Foley & Mansfield, PLLP, 999 Third Avenue, Suite 3760, Seattle, King County, Washington; that I am over 18 years of age and not a party to this action.

[ X ]  **(By E-Service)**  I hereby certify that on this date I electronically filed the foregoing document with the U.S. District Court for the Western District of Washington at Seattle using the CM/ECF system, which will send notification to all parties of record.

[ X ]  **(By E-mail)**  I caused the foregoing to be delivered via e-mail to firms and persons whose email addresses are listed next to the name of the party represented as listed below:

| *Counsel for Plaintiffs* <br> Matthew P. Bergman <br> Madeline F. Bergman <br> 821 Second Avenue, Suite 2100 <br> Seattle, WA 98104 <br> service@bergmanlegal.com | *Counsel for Metropolitan Life Insurance* <br> Richard G. Gawlowski <br> WILSON SMITH COCHRAN & DICKERSON <br> 901 Fifth Avenue, Suite 1700 <br> Seattle, WA 98164 <br> metlifeasbestos@wscd.com <br> gawlowski@wscd.com |
|---|---|
| *Counsel for VWR International, LLC* <br> Kevin C. Baumgardner <br> Maia R. Robbins <br> CORR CRONIN LLP <br> 1001 Fourth Avenue, Suite 3900 <br> Seattle, WA 98154 <br> asbestos@corrcronin.com <br> kbaumgardner@corrcronin.com <br> mrobbins@corrcronin.com | |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Executed this 21st day of May, 2021 in Seattle, Washington.

*s/ Lori L. Burley*
Lori L. Burley, Legal Assistant

DEFENDANT LONE STAR INDUSTRIES, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1442(a)(1)

Page 7

**Foley & Mansfield, PLLP**
999 Third Avenue, Suite 3760
Seattle, WA  98104
Telephone:  (206) 456-5360